THE STATE OF CONNECTICUT vs. FRED A. TYRRELL.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A city whose charter forbids the passage of ordinances upon matters which are regulated by General Statutes, cannot enact ordinances to prevent the sale and consumption of impure and adulterated milk within the city limits, since that subject is fully covered by General Statutes, §§ 2658 to 2664 and Chap. 235 of the Public Acts of 1895.

An ordinance of the city of Waterbury concerning the sale of milk, prescribed that the license therein required should be issued only "in the name of the owner of the vehicle by means of which the business is carried on." Held that a complaint for a violation of the ordinance, which charged an unlicensed sale but failed to allege that the defendant owned or used any vehicle at all, was insufficient, inasmuch as it did not show any duty upon his part to obtain a license, nor any authority in the municipal board to issue one to him.

Argued October 30th—decided December 18th, 1900.

INFORMATION for the violation of a city ordinance concerning the sale of milk, brought to the City Court of Waterbury and thence by the defendant's appeal to the District Court of Waterbury and tried to the court, Cowell, J., upon the defendant's demurrer to the information; the court sustained the demurrer and discharged the accused, and the State appealed for alleged errors in the rulings of the court. No error.

The information was in five counts, the first of which was this: " On the 16th day of March, 1899, at said city and town of Waterbury, within said district, Fred A. Tyrrell, now of said Waterbury, being then engaged in the business of selling and delivering milk in said city of Waterbury with force and arms did then and there, as a part of said regular business of selling and delivering milk in said city as aforesaid, unlawfully offer and expose for sale certain milk, without first having obtained from the board of health of said city of Waterbury a license so to do, against the peace, of evil example,

State *v.* Tyrrell.

and contrary to the ordinance of said city of Waterbury in such case made and provided."

The other counts are identical with this one, save that in the second the unlawful act is did "sell certain milk;" in the third, "have in his possession with intent to sell, certain milk;" in the fourth, "deliver for sale certain milk;" and in the fifth, "deliver for consumption certain milk."

The ordinance of the city is set out in substance in the case of *State* v. *Gallagher*, 72 Conn. 604, 605. The defendant demurred to the information; the court sustained the demurrer, and the State has appealed. There is in reality but one assignment of error: that the court erred in sustaining the defendant's demurrer.

*Nathaniel R. Bronson*, Prosecuting Attorney, for the appellant (the State).

*Albert P. Bradstreet*, for the appellee (the accused).

ANDREWS, C. J. There is no error. The information is insufficient. Judging the ordinance of the city of Waterbury, referred to in the statement, by its words, we should be led to believe that the purpose of the board of aldermen in passing it was to prevent the sale and consumption in that city of impure or adulterated milk. To accomplish that purpose the ordinance is intelligent, consecutive, and adapted to the end in view. But the charter of the city forbids the board of aldermen to enact any ordinance upon any matter which is or shall hereafter be regulated by any public statute, or the power to regulate which has been or shall be conferred upon any other authority by any public statute. The General Statutes of 1888, §§ 2658 to 2664 inclusive, together with Chap. 235 of the Public Acts of 1895, provide full regulations in respect to adulteration of milk. If, then, the purpose of the aldermen was to regulate the sale of impure milk in Waterbury, it would appear that the ordinance was in excess of their power to enact. So we must suppose that they had some other purpose in mind.

State *v.* Tyrrell.

What that other purpose was, does not, perhaps, very clearly appear. Nor is it material now to inquire what it was. If all the milk brought into the city for sale was known to be pure, it would seem that the aldermen would have no occasion, even if they had the authority to do so, to pass an ordinance requiring a license fee from the seller, or to subject him to a rigorous and offensive inspection. We have, however, no occasion to decide this.

Granting that the ordinance is not invalid (which we do for the purpose of this case), we think the demurrer was properly sustained. In every criminal information all the facts must be alleged which are necessary to show the defendant's guilt. If all such facts are not alleged, then the information is insufficient. In testing the sufficiency of any such information, no fact is supposed to exist except such as appear in it, either by direct averment or by necessary implication. In the information before us the defendant is charged with the doing of certain things, "without first having obtained from the board of health of said city of Waterbury a license so to do." Now upon the facts set forth in the information—and the court is not informed of any others—if the defendant had applied to the board of health of Waterbury for a license, that board could not have issued one to him. The fourth section of the ordinance enacts that the license provided for "shall be issued only in the names of the owners of the vehicles by means of which the business is carried on." But this defendant was not the owner of any vehicle at all. If he had applied to the board of health for a license that board would have been obliged to refuse him one. This case comes almost literally within the language used by this court in the said case of *State* v. *Gallagher;* that is, the complaint does not set forth the conditions which show that it was the duty of the defendant to obtain a license, nor those conditions which would enable him to obtain one if he applied.

There is no error.

In this opinion the other judges concurred.